Eugene Killian, Jr. (Bar No. 00208 1990)
THE KILLIAN FIRM, P.C.
555 Route 1 South
Suite 430
Iselin, New Jersey   08830
(732) 912-2100
ekillian@tkfpc.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHYSICIANS' INSURANCE EXCHANGE RESOURCE, A RISK RETENTION GROUP,<br><br>*Plaintiff,*<br><br>v.<br><br>INTEGRO USA, INC., d/b/a INTEGRO INSURANCE BROKERS,<br><br>*Defendant.* | Civil Action No.<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Physicians' Insurance Exchange Resource, a Risk Retention Group, a Vermont corporation with its principal place of business at 901 West Main Street, Suite 307, Freehold, New Jersey 07728 ("PIER"), as and for its Complaint against defendant Integro USA, Inc. d/b/a Integro Insurance Brokers ("Integro"), states as follows:

### NATURE AND BACKGROUND OF THIS ACTION

1. This is an action against Integro, an insurance brokerage or agent, for negligently preparing and submitting incomplete or inaccurate information to PIER's reinsurer, Zurich American Insurance Company ("Zurich"), thereby allowing Zurich to deny reinsurance coverage for a significant medical malpractice claim made against a PIER member physician.

## THE PARTIES

2. Integro is a Delaware corporation with its principal place of business in Boston, MA.

3. Integro holds itself out to the public as a highly experienced and competent insurance brokerage, and as an agent for, among other insurance companies, Zurich, a major insurance carrier.

4. According to Integro's website as of the date of this Complaint: "[Integro is] a global insurance brokerage and specialty risk management firm driven to deliver dedicated, quality insurance brokerage services through client-first, transparent business practices. Since 2005, we've pioneered a unique approach to managing risk: we begin by taking the time to get to know our clients inside and out. Then we deploy superior analytical methodologies to deliver the in-depth and timely information necessary to recommend the best program design and coverage to fit our clients' specific needs."[1]

5. Integro also represents that it has particular expertise in medical malpractice insurance, stating, for example: "When you trust Integro for your medical malpractice insurance needs, you benefit from our strong relationships with the top medical malpractice carriers in the country."[2]

6. PIER is a risk retention group that provides primary medical malpractice liability insurance to its member physicians. PIER is a Vermont corporation with its principal place of business in New Jersey.

## JURISDICTION AND VENUE

7. Jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332 (a)(1) in that the plaintiff is a Vermont corporation with its principal place of business in New Jersey; defendant is

---

[1] https://integrogroup.com/about/about-integro

[2] https://integrogroup.com/solutions-services/medical-malpractice-insurance

a Delaware corporation with its principal place of business in New York; and the amount in controversy exceeds $75,000.

8. Venue in this District is appropriate under 28 U.S.C. §1391 because (a) Integro is a "resident" of this District in that it maintains an office at 55 Madison Avenue, Suite 400, Madison, New Jersey and is therefore subject to personal jurisdiction here, and (b) a substantial part of the events or omissions giving rise to this claim occurred in New Jersey, in that, among other things, (i) Integro's New Jersey office was involved in the allegedly negligent acts that gave rise to this claim, and (ii) the underlying lawsuit, for which PIER seeks indemnification, is pending in the Superior Court of New Jersey, Law Division, Monmouth County.

## **FACTS COMMON TO ALL COUNTS**

9. At all times relevant to this lawsuit, Integro was a risk management advisor and broker to PIER, and was familiar with the business of PIER.

10. When PIER provides professional liability insurance to its member physicians, it is necessary for PIER to procure adequate reinsurance for the risk. PIER consulted with, and retained, Integro to place such necessary reinsurance.

11. At all times relevant to this action, Integro procured the necessary reinsurance through Zurich.

12. Integro procured the reinsurance on a "bordereau" or facultative basis, meaning that reinsurance was only effective for specific identified risks. Integro was responsible for preparing schedules and information to be submitted to Zurich, identifying the specific risks to be reinsured.

13. Dr. James Engelman, D.O., is a PIER member, and, at all times relevant to this action, obtained primary professional liability insurance through PIER.

14. For the 2012-13 policy year, Integro properly listed Dr. Engelman on the necessary schedules that Integro submitted to Zurich, and Dr. Engelman accordingly was reinsured by Zurich.

15. Following the 2012-13 policy year, Integro apparently negligently failed to list Dr. Engelman in the information submitted to Zurich.

16. On or about November 5, 2015, a liability claim was made against Dr. Engelman in a case captioned *Soskel v. Cozzarelli*, Docket No. MON-L-2336-14 (Superior Court of New Jersey, Law Division, Monmouth County) (the "Soskel Claim").

17. Dr. Engelman submitted the Soskel Claim to PIER for coverage, and PIER duly submitted the Soskel Claim to Zurich for reinsurance coverage under the Zurich reinsurance policy for the relevant period.

18. Zurich has denied coverage for the Soskel Claim as to Dr. Engelman, on the ground that Dr. Engelman had not been listed on the schedules and information submitted by Integro to procure the Zurich reinsurance policy for the relevant period.

19. Integro's fiduciary duties as PIER's risk management consultant and broker included ensuring that correct and complete information was submitted to Zurich in connection with the procurement of PIER's facultative reinsurance program, including, but not limited to, information regarding Dr. Engelman.

## FIRST COUNT

(Professional Negligence against Integro)

20. PIER repeats and realleges the allegations contained in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. At all relevant times, Integro was the insurance broker and risk management consultant for PIER. Integro owed PIER a duty to act as an insurance broker of reasonable skill and diligence would act under the circumstances.

22. Integro's duties included, among other things, ensuring that accurate information was transmitted to Zurich, and that all of PIER's insured providers were included in Zurich's reinsurance program.

23. Integro inexplicably failed to include Dr. Engelman in certain of its submissions to Zurich, which provided Zurich with a basis upon which to deny reinsurance coverage for the Soskel Claim with respect to Dr. Engelman.

24. As the result of Integro's negligence, Integro breached the duty that it owed to PIER by failing to act as an insurance broker of reasonable skill and diligence would act under the circumstances.

25. As a proximate result of such breaches, PIER suffered damages in an amount to be determined at trial.

WHEREFORE, PIER requests the entry of judgment on this First Count against Integro awarding PIER:

    A. Compensatory damages.

    B. Interest and costs of suit.

    C. Such other relief as the Court may deem just and proper.

## SECOND COUNT

(Breach of Fiduciary Duty against Integro)

26. PIER repeats and realleges all of the allegations contained in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. At all relevant times, Integro acted as an insurance broker for the placement of PIER's coverage. As such, Integro owed fiduciary duties to PIER, including the duty to act in a manner consistent with the best interests of PIER.

28. Integro's duties included, among other things, ensuring that complete and accurate information was transmitted to Zurich, and that all of PIER's insured providers were included in Zurich's reinsurance program.

29. Integro breached the duties owed to PIER by failing to act in a manner consistent with the best interests of PIER in placing coverage. Such breaches of duty included, without limitation, not confirming that all relevant providers were included in the Zurich reinsurance program; submitting inaccurate information to Zurich; and otherwise failing to provide brokerage services or to act in a manner consistent with the usual custom and practice in the insurance industry.

WHEREFORE, PIER requests the entry of judgment on this Second Count against Integro as follows:

    A. Compensatory damages.

    B. Interest and costs of suit.

    C. Such other relief as the Court may deem just and proper.

Dated: May 21, 2018            **THE KILLIAN FIRM, P.C.**
                                         *Attorneys for Plaintiffs*

                                         By: /s/ *Eugene Killian, Jr.*
                                                    Eugene Killian, Jr.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury with respect to all issues triable by a jury as of right.

Dated: May 21, 2018

THE KILLIAN FIRM, P.C.
*Attorneys for Plaintiffs*

By: /s/ *Eugene Killian, Jr.*
Eugene Killian, Jr.

## LOCAL RULE 11.2 CERTIFICATION

EUGENE KILLIAN, JR. certifies as follows:

I am a member of The Killian Firm, P.C., the attorneys for plaintiff in this action. To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding, *except that* PIER has commenced a contractual arbitration proceeding against Zurich American Insurance Company ("Zurich") with respect to Zurich's denial of reinsurance coverage as to claims made against Dr. James Engelman, D.O. in *Soskel v. Cozzarelli*, Docket No. MON-L-2336-14 (Superior Court of New Jersey, Law Division, Monmouth County).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 21, 2018

/s/ *Eugene Killian, Jr.*